IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HAMLET GARCIA II, : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 2:25-cv-01878-JDW |
| : | |
| DANIEL MCCORMICK, *et al.*, : | |
| Defendants. : | |

## MEMORANDUM

Hamlet Garcia II filed this civil action for declaratory, injunctive, and monetary relief against the Clerk of Court of the United States District Court for the Eastern District of Pennsylvania, along with two named and several unnamed employees of the Clerk's Office. He asserts violations of his constitutional rights and the Americans with Disabilities Act ("ADA"). Because his claims are not plausible and amendment would be futile, I will dismiss the Complaint without leave to amend.

### I.   FACTUAL ALLEGATIONS

Mr. Garcia has filed at least 10 other cases in this Court, including *Garcia v. Carter*, No. 25-mc-15 (E.D. Pa.) and *Garcia v. Cruz*, No. 25-440 (E.D. Pa.). He claims that through "deliberate manipulation of electronic case records (ECF/PACER), suppression of memoranda, unexplained substitution of unrelated documents, and recurrent mischaracterization or mislabeling of critical submissions," Clerk's Office employees violated his constitutional rights and the ADA. (ECF No. 1 at 2, ¶ 2.) The claims involve (A) the failure to initially open *Carter* as a miscellaneous matter rather than a civil action; (B)

a failure to grant his requests "for simplified access and reasonable deadline accommodation[s]" and to docket ADA-related filings; (C) the failure to assign his civil actions directly to a magistrate judge rather than to an Article III judge; (D) the assignment in *Cruz* of incorrect Nature Of Suit and Cause Of Action codes applicable to an employment action and the initial failure to note his jury demand; (E) the labeling of a "Petition for Fee Waiver" as a "Motion to Proceed In Forma Pauperis" and the initial failure to docket supporting materials; (F) the mistaken filing of a pleading from an unrelated civil action on the docket of one of Mr. Garcia's cases instead of a pleading that he submitted; and (G) providing him with false procedural guidance after initially refusing to answer his telephone calls.

Mr. Garcia asserts official and individual capacity claims for violation of his due process rights (Claim One), individual capacity claims under the First and Fifth Amendments (Claim Two), claims under Title II of the ADA (Claim Three), individual capacity claims for violation of 28 U.S.C. § 751—the statute describing the duties of a federal clerk of court—and Pennsylvania law based on the false procedural guidance about the Court's relatedness rules for judicial assignments (Claim Four), official capacity and "supervisory capacity" claims for "intentional misclassification" based on the incorrect Nature Of Suit and Cause Of Action codes and marking cases as related for purposes of judicial assignment (Claim Five), official and individual capacity claims for record tampering and "administrative abuse" based on the mistaken filing of a pleading from an

unrelated civil action instead of a pleading that he submitted (Claim Six), official capacity claims for mandamus relief pursuant to 28 U.S.C. § 1361 based on submissions he claims were not docketed (Claim Seven), official and individual capacity claims for violation of the Magistrate Judge Act, 28 U.S.C. § 636, based on the assignment of his cases to an Article III judge rather than a magistrate judge (Claim Eight), official and individual capacity claims for violation of his equal protection rights based on his status as a disabled *pro se* litigant (Claim Nine), individual capacity claims pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (Claim Ten), and an individual capacity claim of conspiracy to violate his civil rights (Claim Eleven).

Mr. Garcia seeks (A) a declaration that his rights have been violated; (B) injunctive relief directing the Clerk's Office employees to stop tampering with his submissions, ignoring his ADA-related accommodation requests, misassigning his cases to Article III judges, and misrepresenting and mislabeling his pleadings; (C) mandamus relief to re-docket his submissions and implement an ADA accommodation review; and (D) money damages.

## II.   STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted.

*See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. I may also consider matters of public record, including of prior court proceedings. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988).

When a plaintiff proceeds *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). This requires me to remain flexible. I will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* An unrepresented litigant also "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.*

I must also review the pleadings and dismiss the case if I determine that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A plaintiff commencing an action in federal court bears the burden of

4

establishing federal jurisdiction. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015).

## III.   DISCUSSION

### A.   In Forma Pauperis

Mr. Garcia has completed the Court's required forms and attested under penalty of perjury that he lacks the income and assets to pay the required filing fees. I will therefore grant him leave to proceed in forma pauperis.

### B.   Plausibility Of Claims

#### 1.   Constitutional and related statutory claims

##### a.   Merits

Mr. Garcia's claims for violations of constitutional rights or violations of statutes governing the administration of courts fail because none of the actions about which he complains affected his constitutional rights. First, he complains that the Clerk's Office employees violated his rights by failing to open Carter as a miscellaneous matter rather than a civil action. But the Clerk's Office reclassified the case as a miscellaneous matter shortly after it was opened. See Carter, No. 25-mc-15 (ECF No. 5). And, while the filing fee for a miscellaneous matter is less than that for a civil action, I granted Mr. Garcia leave to proceed in forma pauperis in Carter, so he did not pay any fee. The original classification of the case as a civil matter did not harm Mr. Garcia.

*Second*, any initial failure by the Clerk's Office employees to note Mr. Garcia's jury demand in *Carter* did not harm any constitutional right because I dismissed the case, and there was no trial. So, nothing that anyone did affected any supposed right to a jury trial.

*Third*, any errors in *Cruz* with respect to noting a jury demand or listing the Nature Of Suit and Cause Of Action codes had no impact on Mr. Garcia's rights. The docket in that case indicates that Mr. Garcia made a jury demand, so the Clerk's Office captured the demand. In any event, I dismissed *Cruz* after screening the Complaint. The jury demand therefore became irrelevant. And, the Clerk's Office designation of the Nature Of Suit and Cause Of Action had no impact on my screening of the case. Those designations are statistical and do not matter to the merits of a claim.

*Fourth*, the alleged failure to assign Mr. Garcia's civil actions directly to a magistrate judge rather than to an Article III judge based on his unilateral request fails to state a plausible statutory claim. The Magistrate Judge Act provides that "[u]pon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C. § 636(c)(1). This statute requires the consent of both parties, even in a case subject to statutory screening. *See Burton v. Schamp*, 25 F.4th 198 (3d Cir. 2022). Thus, while Mr. Garcia might have consented, no other party to his case did, so the Clerk's Office did not err. To the extent that Mr. Garcia's complaint is that the Clerk's Office should not have assigned his

6

case to me, he is wrong. "A plaintiff is not entitled to an individual judge of his choosing." *Tice v. Wilson*, No. 24-44, 2024 WL 4336306, at *7 (W.D. Pa. Sept. 27, 2024). Article III judicial assignment in this District is governed by E.D. Pa. L.R. 40.1.IV.iv, which states that newly filed civil cases are related for purposes of judicial assignment if they "are filed by the same pro se individual as an earlier numbered suit."

*Fifth*, the Clerk's Office docket entry labeling Mr. Garcia's "Petition for Fee Waiver" as a "Motion to Proceed In Forma Pauperis" and the alleged initial failure to docket supporting materials does not allege a plausible First Amendment access-to-the-courts claim. To assert such a claim, a plaintiff must allege the "denial of access caused actual injury." *Lewis v. Casey*, 518 U.S. 343, 350 (1996). In filing his petition, Mr. Garcia sought relief under 28 U.S.C. § 1915, entitled "Proceedings in forma pauperis." The relabeling of his "Petition" as a motion under that section did not violate his rights. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003). Instead, it enhanced them by presenting the Petition as something on which I could rule under the Federal Rules of Civil Procedure. Because I granted his motion, which permitted him to proceed without paying a filing fee, he fails to allege a plausible access-to-the-courts claim. *See Cruz*, No. 25-440 (ECF No. 26); *Carter*, No. 25-mc-15 (ECF No. 11).

*Sixth*, the mistaken filing on the *Cruz* docket of a pleading from an unrelated civil action instead of a pleading that Mr. Garcia submitted likewise fails to allege a plausible access-to-the-courts claim because the Clerk's Office corrected the mistake.

7

*Seventh*, and finally, Mr. Garcia's allegation that Clerk's Office employees violated his rights by providing him with incorrect procedural guidance after initially refusing to answer his telephone calls is also not a plausible claim. Courts need not provide legal advice to *pro se* litigants. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 240, 244 (3d Cir. 2013). Also, an unrepresented litigant must abide by the same rules that apply to all other litigants. *Vogt*, 8 F.4th at 185. The Court's Notice of Guidelines that it sends to *pro se* litigants explains that "Court staff cannot provide you with legal advice, meaning they cannot tell you what type of motion to file or advise you on other legal issues." In short, Mr. Garcia had no right to receive advice from the Clerk's Office employees about how to proceed with his claims. *See Platts v. Buchanan*, No. 12-1788, 2013 WL 3772524, at *1 (W.D. Pa. July 17, 2013).

### b.     Relief

Another problem that dooms Mr. Garcia's claims is that he has not demonstrated he can obtain any relief. *First*, declaratory relief is unavailable to adjudicate past conduct. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*). But that's what Mr. Garcia seeks: a declaration that the Clerk of Court and employees of that office violated his rights in their handling of the *Carter* and *Cruz* matters. He can't get that relief.

*Second*, pursuant to 28 U.S.C. § 1361, district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." For a district court

to have subject matter jurisdiction to compel the action of an individual pursuant to § 1361, the individual must be "an officer or employee of the United States or any agency thereof." *See Semper v. Gomez*, 747 F.3d 229, 250–51 (3d Cir. 2014). "Congress, in enacting § 1361 ... was thinking solely in terms of the executive branch." *Id.* at 250. Because Mr. Garcia directs his claims at employees of the judicial branch, not the executive branch, I lack jurisdiction over his claims for mandamus relief.

*Third*, to obtain injunctive relief, a plaintiff must demonstrate irreparable harm. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Mr. Garcia has not demonstrated that he has suffered any injury, let alone an irreparable one. So, he can't get injunctive relief.

*Fourth*, Mr. Garcia's claims for money damages fail because the Clerks of Court and Clerk's Office employees enjoy absolute quasi-judicial immunity from claims seeking money damages when performing duties that a statute requires or that a judicial authority directs. *See, e.g.*, *Mercedes v. Barrett*, 453 F.2d 391, 392 (3d Cir. 1971); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969); *Gary v. Gardner*, No. 11-2854, 2011 WL 13196543, at *1 n.1 (E.D. Pa. June 7, 2011), *aff'd*, 445 F. App'x 465 (3d Cir. 2011). In *Gary*, Judge Sánchez held that Clerk's Office employees enjoyed qualified immunity for a claim that they provided a *pro se* litigant with incorrect information because "[t]hese allegations do not state a claim for a violation of any clearly established constitutional rights so as to waive these Defendants' entitlement to qualified immunity." *Id.* I agree.

Mr. Garcia's claims are based on the performance of duties that a statute required, at the direction of judicial authority, or discretionary acts integrally related to the judicial process. None involves a violation of any clearly established constitutional right because Mr. Garcia does not plausibly allege that the docketing errors were more than mere negligence, which "is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). Therefore, the Defendants are immune from claims for money damages.

*Fifth,* Mr. Garcia's claims for money damages against the Clerk and Clerk's Office employees are not plausible *Bivens* claims.[1] The United States Supreme Court has never recognized a *Bivens* cause of action against a federal government actor like the one Mr. Garcia seeks to raise in this case,[2] and extending *Bivens* is "disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017). Thus, any civil rights claim against the Clerk or

---

[1] Mr. Garcia cites to 42 U.S.C. § 1983, the vehicle by which civil rights claims may be brought in a federal court against persons acting under color of state law, in addition to *Bivens*. He has not named any "state actor" as a defendant in this case, so any § 1983 would be implausible.

[2] The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself – a claim under the Fourth Amendment against FBI agents for handcuffing a man in his own home without a warrant, *id*. 403 U.S. at 389; (2) a claim under the Fifth Amendment against a Congressman for firing his female secretary, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) a claim under the Eighth Amendment against prison officials for failure to treat an inmate's asthma, *Carlson v. Green*, 446 U.S. 14 (1980).

Clerk's Office employees related to the filing or classification of Mr. Garcia's documents, or the judicial assignment of his cases is not plausible for this additional reason.

### 2. ADA claims

Title II of the ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity[.]" 42 U.S.C. § 12132. A "public entity" is "any State or local government; . . . [and] any department, agency, special purpose district, or other instrumentality of a State or States or local government[.]" 42 U.S.C. § 12131(1)(A), (B). Neither individuals nor federal government agencies are "public entities" subject to suit under Title II of the ADA. *See Dyrek v. Garvey*, 334 F.3d 590, 597 n.3 (7th Cir. 2003). Because none of the Defendants is a public entity subject to the ADA, I will dismiss Mr. Garcia's ADA claim with prejudice.

## IV. CONCLUSION

I will grant Mr. Garcia leave to proceed *in forma pauperis* and dismiss the case on statutory screening. Amending the complaint would be futile, so I will not give Mr. Garcia an opportunity to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112–113 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

May 19, 2025